By the Court.
This state of demand is manifestly defective,- and shews' no cause of action- on- the face of it, as it is necessary it should do. It has been repeatedly decided that a state of demand in the court for the trial of small causes, must contain every thing necessary of itself, independent of the proof, to shew that the plaintiff has a legal cause of action. Penn. R. 331, Id. 341; 4 Halst. 347, and other cases referred to in Elmer’s Dig. 296 Tit. state of demand.
*487 The action in this case, is not for trover and conversion. ISTo conversion is charged. It is simply an action on the ease for not delivering to the plaintiff on request, a certain silver watch, affirming no property in the watch, nor asserting any fact shewing an obligation on the part of the defendant to deliver the watch to him. It is stated indeed, that “ the defendant received of the plaintiff, one silver watch to repair,” from which it may be inferred that it was the plaintiff’s watch. But such inference is not sufficient. It may have been another man’s watch, sent by the hands of the plaintiff, to the defendant^ to be repaired, and the defendant may have delivered it to the true owner. This is much like the ease of Green v. Lawrence, Penn. R. 849, in which the state of demand was held to be insufficient.

Let the judgment he reversed.

Cited in Schuyler v. Mills, 4 Dutch. 137